UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert Unser,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Western Riverside Council of Governments, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 18-cv-1112-AJB-NNLS<br><br>**ORDER GRANTING RENOVATE AMERICA'S MOTION TO DISMISS (Doc. No. 40), and**<br><br>**DENYING AS MOOT REVERSE MORTGAGE'S MOTION TO DISMISS (Doc. No. 25)** |

Before the Court is Defendant Renovate America, Inc.'s dismissal motion based on lack of subject-matter jurisdiction. (Doc. No. 40-1 at 5.) Unser's sole federal claim rests on 16 C.F.R. § 429.1, which deems a door-to-door sale unfair or deceptive if the seller does not comply with enumerated requirements. However, Renovate asserts "[t]here is no colorable right to a remedy under 16 C.F.R. § 429.1. . . ." (*Id.* at 6.) While the Ninth Circuit has not yet addressed this claim, Renovate bases its argument on several district court holdings, as well as a recently-decided decision on this very issue brought by plaintiff's counsel in this district. (Doc. No. 40-3, *Rojas v. Ygrene Energy Fund, Inc.*, 18-cv-579-CAB-KSC.) In that case, Judge Bencivengo held "there is no private right of action to sue for violation of the FTC Act. . . . Plaintiffs first claim for violation for 16 C.F.R. § 429.1, therefore, does not assert a colorable right to a remedy obtainable by Plaintiffs via this

lawsuit and cannot serve as a basis for federal question subject matter jurisdiction." (*Id.* at 2.) In response, Unser filed a notice of non-opposition agreeing he could not bring a claim under 16 C.F.R. § 429.1 and requesting the Court dismiss the action for lack of subject-matter jurisdiction so he can file his claims in state court. (Doc. No. 44 at 2.) Following Unser's non-opposition, co-defendant Reverse Mortgage Solutions, Inc. ("RMS") filed a response requesting the Court dismiss the co-defendants[1] and retain diversity jurisdiction over Unser's state law claims. (Doc. No. 46 at 3.) However, Unser's complaint fails to allege diversity jurisdiction, and even if it existed, the Court declines to reshape Unser's complaint and ignore his non-opposition in dismissing his case.

Based on Unser's non-opposition and Judge Bencivengo's reasoned holding in *Rojas*, the Court **GRANTS** Renovate's motion to dismiss for lack of subject-matter jurisdiction, (Doc. No. 40), **VACATES** the August 9, 2018 motion hearing, and **DISMISSES** Unser's complaint without prejudice. Accordingly, RMS' dismissal motion is **DENIED AS MOOT**. (Doc. No. 25.) The Court **DIRECTS** the Court Clerk to close the case.

**IT IS SO ORDERED.**

Dated: August 7, 2018

Hon. Anthony J. Battaglia
United States District Judge

---

[1] These defendants include: "Renovate, Western Riverside Counsel of Governments, California Statewide Community Development Authority, Renew Financial Group, LLC, Renew Financial, LLC, Renew Financial I, LLC, Renew Financial Group, LLC, Renewable Funding, LLC, Quality Home Renovators, Inc., the Western Surety Bond Company, and Does 1 through 10." (Doc. No. 46 at 2, fn.1).